UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH RODRIGUEZ,<br>　　Plaintiff,<br>　　v.<br>AKIMA INFRASTRUCTURE SERVICES, LLC, et al.,<br>　　Defendants. | Case No. 16-cv-03607-PJH<br><br>**ORDER EXCLUDING EVIDENCE AND VACATING HEARING**<br><br>Re: Dkt. No. 54 |

　　Before the court is Akima Infrastructure Services, LLC and Akima, LLC's (together, "Akima") motion for Evidentiary Sanctions, or in the Alternative, Motion to Modify the Scheduling Order. Dkt. 54. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for October 23, 2019 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for evidentiary sanctions, as follows.

**BACKGROUND**

　　On May 17, 2016, plaintiff Sarah Rodriguez filed this action in the Superior Court of California, County of Alameda. Dkt. 1 at ECF p. 21 ("Compl."). On June 27, 2016, Akima removed the action to this court. Dkt. 1. The complaint asserts three causes of action: (1) a claim under the federal Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq. ("FMLA"); (2) a claim under the California Family Rights Act, Cal. Lab. Code § 12945.2; and (3) a claim alleging wrongful termination.

　　The complaint alleges that plaintiff was employed by defendants as a recruiter

1 from approximately October 7, 2014, until her termination on approximately October 23,
2 2015. Compl. ¶ 6. She alleges that she requested a leave of absence from work due to
3 the impending birth of twins, she gave birth, and she was subsequently granted and took
4 a leave of absence. Id. ¶¶ 9–12. Plaintiff alleges that while she was on her approved
5 leave of absence, defendants discharged her from employment. Id. ¶ 13.

Fact discovery was originally scheduled to end on February 24, 2017. Dkt. 20. The parties stipulated to extend that deadline to March 24, 2017. Dkts. 24–25. Defendants moved for summary judgment on April 7, 2017, following the close of fact discovery. Dkt. 32.

On May 19, 2017, this court granted defendants' motion for summary judgment. See Dkts. 37–38. Plaintiff appealed the order, and the Ninth Circuit found that "a genuine dispute of material fact exists regarding whether Akima replaced her [plaintiff] while she was on leave under the" FMLA. Dkt. 42 at 2. The Ninth Circuit accordingly reversed this court's order granting defendants' motion for summary judgment, and it remanded the action. Id. The Ninth Circuit's mandate issued on January 31, 2019. Dkt. 43.

On February 21, 2019, this court conducted a case management conference with the parties. See Dkt. 46 (minute entry). At that conference, the parties informed the court that all fact discovery had been completed, although defendant may need to supplement. Id. The court set deadlines for expert discovery and scheduled trial to begin on December 9, 2019. Id.; see also Dkt. 47 (case management and pretrial order). Fact discovery remained closed.

On April 22, 2019, plaintiff produced for the first time certain emails and related documents. See Iskander Decl., Dkt. 54-1 ¶ 6 & Ex. C. On September 3, 2019, in response to plaintiff's production of records after the close of discovery, defendants filed the present motion for evidentiary sanctions to exclude those materials. Dkt. 54.

**DISCUSSION**

**A.  Legal Standard**

Federal Rule of Civil Procedure 26 ("Rule 26") requires, "[e]xcept as exempted by

2

Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court," that "a party must, without awaiting a discovery request, provide to the other parties . . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii).

Rule 26(e) requires a party to "supplement or correct its [Rule 26(a)] disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

"Compliance with Rule 26's disclosure requirements is 'mandatory.'" Ollier v. Sweetwater Union High Sch. Dist., 768 F.3d 843, 863 (9th Cir. 2014) (quoting Ecuador v. Mackay, 742 F.3d 860, 865 (9th Cir. 2014)).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) [or Rule 26(e)] that is not properly disclosed." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001); accord Ollier, 768 F.3d at 861. Rule 37(c)(1) provides, in part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Fed. R. Civ. P. 37(c)(1).

The advisory committee explained that Rule 37(c)(1) "provides a self-executing

3

sanction for failure to make a disclosure required by Rule 26(a), without need for a motion," and that the "automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence[.]" Fed. R. Civ. P. 37(c)(1) advisory committee's note to 1993 amendment.

"Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Yeti by Molly, 259 F.3d at 1106; Fed. R. Civ. P. 37(c)(1). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012); accord Yeti by Molly, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008) ("the burden is on the party facing the sanction . . . to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless").

**B. Analysis**

Plaintiff does not dispute that she did not produce the materials at issue by the deadline for initial Rule 26(a) disclosures, or by the discovery cutoff. Nor does she dispute that she did not "supplement or correct [her] disclosure or response" in accordance with Rule 26(e). See Fed. R. Civ. P. 26(a) & (e). Instead, plaintiff "sheepishly concedes" that she failed to produce the disputed emails as required by Rule 26(a) and (e), and also "that the failure was not substantially justified[.]" Opp., Dkt. 58 at 1.[1] Plaintiff contends only that her failure to comply with Rule 26 was harmless because defendants could have discovered the contested materials' existence with their own investigation. See generally Ollier, 768 F.3d at 862–63.

As an initial matter, plaintiff does not meaningfully attempt to meet her burden to

---

[1] Plaintiff is directed to review and comply with Civil Local Rule 5-1(e)(2), which requires that documents "must be converted to PDF from the word processing original, not scanned, to permit text searches and to facilitate transmission and retrieval."

4

demonstrate that her failures to disclose were harmless. Instead, plaintiff repeatedly mischaracterizes her burden to demonstrate that defendants have not suffered harm as defendants' burden to "prove" that they have suffered harm. See Opp. at 1 (Rule 37 allows for sanctions "if Akima proves three elements"); id. ("Akima has not introduced any evidence proving harm"); id. at 3 (Akima "tries to *imply* that it did not have access to any of these contested emails, but it does not *produce any evidence* – a declaration under penalty of perjury – that would support that finding. . . . As a result, Akima has failed to carry its burden of proving harm.").

In sum, plaintiff's argument is that defendants likely could have found other copies, from other sources, of the emails she failed to produce. Plaintiff argues that if defendants had sufficiently expanded the scope of their investigation, beyond the discovery that was actually conducted in the case, they could have found other copies of the materials plaintiff was withholding.[2] This argument is insufficient to satisfy plaintiff's "burden of proving that its failure to disclose the required information was substantially justified or is harmless," for at least two reasons. R & R Sails, 673 F.3d at 1246.

First, plaintiff does not demonstrate that defendants were actually aware of or in possession of the subject emails. In fact, plaintiff seems to concede that defendants were not actually aware of the disputed emails at all. She argues only that defendants likely would have been able to secure access to the materials had they sought them out. For example, plaintiff acknowledges that defendants did not produce the emails in response to a discovery request for "[a]ll emails referring or relating to Plaintiff." Opp. at 1. Plaintiff then offers a plausible explanation as to why defendants did not even collect those emails during discovery. Opp. at 2 (explaining that only communications between off-site and on-site employees appear to have been collected). Rather than challenge defendants' collection and production efforts while discovery was ongoing, plaintiff only now argues that defendants' collection efforts may have been insufficient, and that they

---

[2] Plaintiff does not identify any relevant discovery dispute raised or discovery order issued that defendants failed to comply with.

5

should have collected and produced the emails at issue (and others) while discovery was ongoing. So, rather than argue that defendants actually knew of the subject emails such that the late production was harmless, plaintiff appears to raise a (very late) discovery dispute based on the fact that defendants did not know of the emails.

Defendants' mere ability to obtain the undisclosed materials (as opposed to having actual knowledge of them) does not support an argument that plaintiff's late disclosure is harmless. Defendants have prepared their litigation strategy without knowledge of the undisclosed emails, such that introducing them into the litigation now will prejudice them. Their ability to have accessed the materials pursuant to an earlier investigation (outside the scope of discovery in this action) does not ameliorate that harm. For example, given that defendants have not actually known about the records, defendants have had no occasion to conduct discovery with respect to them, including by asking plaintiff and the other (now-third-party) correspondents about them at deposition.

Plaintiff's own argument all but admits that introducing the undisclosed emails would harm defendants with respect to their actual litigation of the action, but she asks the court to discount that harm because defendants could have forestalled it by conducting additional investigations. The court declines to impose a requirement that, in order to suffer harm from another party's failure to disclose under Rule 26(a), the withheld materials must be materials that a party could not have discovered from an independent investigation conducted outside the scope of discovery.

Second, Rule 26(a) broadly requires production of all documents "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii). The disclosure not only serves the function of ensuring that all parties possess the same underlying source materials (as discussed above), but it also importantly serves to foreclose trial by ambush or surprise. Even if defendants were aware of the existence of the emails from other sources, "[t]he theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." Ollier, 768 F.3d at 862.

6

Disclosing the potential use of a document—and the possibility that it may support a claim or defense—allows other parties to meaningfully conduct discovery regarding those materials and what their authors "would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context." Id. That is, Rule 26(a) recognizes not only that the mutually-known existence of a document is important, but that the very act of a party disclosing it serves an important function that enhances the efficiency and fairness of litigation, including any eventual trial. See, e.g., id. at 862–63 ("Orderly procedure requires timely disclosure so that trial efforts are enhanced and efficient, and the trial process is improved. The late disclosure of witnesses throws a wrench into the machinery of trial. . . . And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension."). Of particular concern here, defendants have before now had no reason to conduct discovery with respect to these records.

## CONCLUSION

For the foregoing reasons, plaintiff failed to demonstrate that her failure to disclose documents as required by Rule 26 was harmless. As such, defendants' motion to exclude evidence is GRANTED. The materials in the document production plaintiff served on defendants on April 22, 2019 are hereby excluded pursuant to Rule 37(c)(1), and plaintiff is not allowed to use those materials to supply evidence on a motion, at a hearing, or at trial.

**IT IS SO ORDERED.**

Dated: October 16, 2019

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge